IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| PUERTO RICO TELEPHONE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> MUNICIPALITY OF AGUADA, et al., <br><br> Defendants. | CIVIL NO. 22-1315 (MEL) |

**ORDER OF PERMANENT INJUNCTION**

The matter before the Court is Plaintiff Puerto Rico Telephone Company, Inc.'s ("Plaintiff" or "Claro") request for a permanent injunction against the Municipality of Aguada, Hon. Christian Cortés-Feliciano, in his capacity as Mayor of the Municipality of Aguada, and Wesley Vega, in his capacity as Planning Director of the Municipality of Aguada ("Defendants" or "the Municipality"), for alleged violations of federal Telecommunications Act of 1996, 47 U.S.C. §§ 151 et seq. ("TCA") based on Defendants' denial of an application to install fiber optic cables and poles in the Municipality of Aguada in Puerto Rico. The Court, having granted in part and denied in part Plaintiff's Motion for Summary Judgment (ECF No. 70), hereby finds and orders as follows:

On March 31, 2025, the Court issued an Opinion and Order granting in part and denying in part Claro's Motion for Summary Judgment. ECF No. 70. Plaintiff moved for summary judgment on only four of six claims brought in the complaint.[1] The first issue was whether Plaintiff has demonstrated that the Municipality's denial of their request to place or construct a personal wireless

---

[1] Plaintiff did not explicitly address or develop any argument relating to two claims contained in the complaint under 47 U.S.C. § 332(c)(7)(B)(i)(I) and 47 U.S.C. § 332(c)(3)(A). ECF No. 1 at 14-16. Because Plaintiff did not move with specificity or elaboration in their motion for summary judgment, to the extent that Plaintiff was requesting the entry of judgment as a matter of law with respect to these claims, such request was denied. ECF No. 70 at 11, fn. 5. However, Plaintiff voluntarily consented to the dismissal of such claims without prejudice. ECF No. 74. Accordingly, the Court dismissed causes of action 4 and 5 of the complaint under 47 U.S.C. §§ 332(c)(7)(B)(i)(I) and 332(c)(3)(A). ECF No. 75.

service facility complied with federal law's requirement that such denial be in writing and be supported by substantial evidence contained in a written record. 47 U.S.C. § 332(c)(7)(B)(iii). The second issue was whether the Municipality's denial was impermissibly based on the environmental effects of radio frequency emissions in violation of 47 U.S.C. § 332(c)(7)(B)(iv). The third issue was whether the Municipality's denial effectively prohibits the provision of personal wireless service in violation of 47 U.S.C. § 332(c)(7)(B)(i)(II). The last issue was whether the Ordinance itself, cited by the Municipality as the reason for its denial, has the effect or prohibiting the provision of telecommunications services in violation of 47 U.S.C. § 253(a). The Court found that the Municipality's denial of Claro's application was not supported by substantial evidence in the written record as required by 47 U.S.C. § 332(c)(7)(B)(iii). Thus, summary judgment was granted as to this cause of action. Because the denial impermissibly relied on environmental effects in violation of 47 U.S.C. § 332(c)(7)(B)(iv), summary judgment was also granted as to this cause of action. Regarding the remaining claims, Plaintiff's motion for summary judgment was denied.

Plaintiff requests injunctive relief and declaratory relief ordering Defendant to grant the application and issue all necessary permits to allow the installation and operation of the facility. At issue. ECF No. 55 at 3, 27. Although the TCA does not expressly identify any particular form of mandatory remedy, it has been held that injunctive relief—not a remand—is often the appropriate remedy for cases brought under section 332(c)(7)(B)(v). *See Cellular Tel. Co. v. Town of Oyster Bay*, 166 F.3d 490, 497 (2d Cir. 1999); *Brehmer v. Planning Bd. of Wellfleet,* 238 F.3d 117, 121 (1st Cir.2001); *2018 Declaratory Ruling*, 33 FCC Rcd. at 9092. Violation of the "substantial evidence requirement" under 47 U.S.C. § 332(c)(7)(B)(iii) of the TCA is an independent ground for ordering injunctive relief. *T-Mobile Ne. LLC v. City of Lawrence,* 755 F. Supp. 2d 286, 292 (D. Mass. 2010)*.* However, injunctive relief may not be appropriate in every case. A remand, rather than an injunction, may be more appropriate "where there has been 'good faith confusion by a

board.'" *See T-Mobile Ne. LLC v. City of Lawrence*, 755 F. Supp. 2d 286, 292 (D. Mass. 2010). No such good faith confusion was present in this case. Having found in favor of Claro on the violation of the TCA under 47 U.S.C. § 332(c)(7)(B)(iii), and given the weight of authority that injunctive relief best serves the TCA's stated goal of expediting resolution of this type of action, the Court held that an injunction ordering the Municipality to issue the permits is the appropriate remedy. ECF No. 70 at 33 (citing *See* 47 U.S.C. § 332(c)(7)(B)(v)).

Accordingly, Defendants are ordered to grant the application presented by Claro on September 23, 2021, for the installation of personal wireless service facilities. Defendants are also enjoined from issuing any orders or taking any actions that unreasonably obstruct Claro's installation of the personal wireless service facilities subject to the application of September 23, 2021.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 10th day of July, 2025.

s/Marcos E. López
U.S. Magistrate Judge

3